This is an appeal from a Jackson County Common Pleas Court judgment of conviction and sentence. The jury found Jeremy Poe, defendant below and appellant herein, guilty of felonious assault, in violation of R.C. 2903.11.
Appellant raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN NOT CONTINUING THE TRIAL FOR FAILURE OF A PROPERLY SUBPOENAED WITNESS TO APPEAR AND TESTIFY FOR THE DEFENSE."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED BY FAILING TO INSTRUCT THE JURY ON THE INSTRUCTIONS FOR THE OFFENSE OF AGGRAVATED ASSAULT, R.C. SECTION 2903.12."
Our review of the record reveals the following facts pertinent to the instant appeal. On December 22, 1997, the Jackson County Grand Jury returned an indictment charging appellant with one count of felonious assault. On November 30, 1998, the jury found appellant guilty as charged in the indictment. On December 1, 1998, appellant filed a motion for a new trial. On January 29, 1998, the trial court sentenced appellant to seven years imprisonment. On February 2, 1998, appellant filed a notice of appeal.
Before reaching the merits of appellant's assignments of error, we first must consider a threshold jurisdictional issue. The Ohio courts of appeal have jurisdiction to review the final orders or judgments of inferior courts within their district. See Section3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02. A final order is one which affects a substantial right and, in effect, determines the action. R.C. 2505.02.
An appeal from a final order or judgment is taken by filing a notice of appeal with the clerk of the trial court within the prescribed time. App.R. 3(A). The time limit is ordinarily thirty days. App.R. 4(A). If a criminal defendant files a Crim.R. 33 motion for new trial, however, the time for filing a notice of appeal does not begin to run until the trial court enters an order denying the Crim.R. 33 motion. App.R. 4(B)(3).
From our review of the record in the case sub judice, it appears that the trial court did not rule upon appellant's December 1, 1998 Crim.R. 33 motion. Because the trial court has not resolved appellant's Crim.R. 33 motion, the time for filing a notice of appeal has yet to commence. See App.R. 4(B)(3). Consequently, the case below remains undetermined and we lack jurisdiction to consider the instant appeal. See State v.Mootispaw (Mar. 22, 1995), Highland App. No. 93 CA 840, unreported, reversed on other grounds, (1996), 110 Ohio App.3d 566, 674 N.E.2d 1222; see, also, State v. Klein (Dec. 4, 1998), Hamilton App. No. C-970788, unreported; State v. Rhoden (Aug. 19, 1996), Pike App. No. 95 CA 562, unreported; State v. Metz (Nov. 20, 1995), Washington App. No. 93 CA 18, unreported; State v.Miller (Jan. 11, 1995), Washington App. No. 93 CA 38, unreported. Thus, in the case sub judice we have no jurisdiction to review the instant matter until appellant's motion for a new trial is resolved and a proper appeal is taken. Accordingly, the appeal is hereby dismissed.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Evans, J.: Concur in Judgment Opinion
For the Court
 BY: _______________________________ Peter B. Abele Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.